TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Linda Schweers

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Linda Schweers,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>National Service Bureau, Inc.,<br><br>　　　　　Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Linda Schweers (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against National Service Bureau, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Garden Grove, California, and is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6. Defendant is a business entity located in Bothell, Washington, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

2

COMPLAINT FOR DAMAGES

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

10. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

11. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

12. Defendant is attempting to collect an alleged debt that originated from Brookdale Senior Living Solutions ("Brookdale").

13. In January of 2016, Plaintiff directly paid Brookdale an amount of $2002.02, which represents the total outstanding amount due at the time Plaintiff made the payment.

14. Nevertheless, on or about April 18, 2016, Plaintiff received a letter from Defendant regarding the Brookdale account demanding payment of $2793.73.

15. That same day, Plaintiff sent Defendant proof of her January payment: a copy of a receipt for payment from Brookdale and a copy of the $2002.02 check that Brookdale cashed.

16. Instead of dropping the matter, Defendant called Plaintiff on or about May 18, 2016 and again demanded payment from Plaintiff.

17. During the conversation, Defendant implied that Plaintiff had forged the receipt from Brookdale and also misrepresented that money was still owed because Plaintiff had failed to provide Brookdale with a thirty-day notice prior to moving her father from the facility.

18. Upon information and belief, Defendant did not confirm with Brookdale whether it had received a thirty-day notice prior to making the above misrepresentation.

19. Plaintiff, in fact, had given Brookdale a thirty-day notice on December 30, 2015 and provided Defendant proof of such immediately following the May 18, 2016, conversation.

4

COMPLAINT FOR DAMAGES

20. Again, instead of accepting Plaintiff's proof that the alleged debt was paid in full, Defendant called Plaintiff again on May 19, 2016, and offered to accept $1700 in settlement of the debt.

21. Defendant's actions caused Plaintiff to suffer a significant degree of stress, anxiety, frustration and annoyance.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

22. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

23. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

24. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

25. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

26. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

27. Defendant misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

28. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C.§ 1692e(10).

29. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

30. Defendant attempted to collect an amount from Plaintiff that was unauthorized by agreement or law, in violation of 15 U.S.C. § 1692f(1).

31. Defendant continued its collection efforts after receiving Plaintiff's written request for verification of the alleged debt and before providing such verification, in violation of 15 U.S.C. § 1692g(b).

32. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

34. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

35. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

36. Defendant communicated with Plaintiff with such frequency as to be unreasonable, constituting harassment, in violation of Cal. Civ. Code § 1788.11(e).

37. Defendant collected or attempted to collect Defendant's collection fees and/or expenses from the Plaintiff, in violation of Cal. Civ. Code § 1788.14(b.

38. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

39. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

Case 8:16-cv-01590-JLS-AS   Document 1   Filed 08/29/16   Page 8 of 8   Page ID #:8

E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: August 29, 2016

TRINETTE G. KENT

By: */s/ Trinette G. Kent*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Linda Schweers

8

COMPLAINT FOR DAMAGES